**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CONVATEC, INC.,
CONVATEC DOMINICAN REPUBLIC INC.,
CARIBETRANS SAS, and
AVIVA INSURANCE LIMITED,

    Plaintiffs,

CASE NO:

vs.

ANTILLEAN MARINE SHIPPING CORP.,

    Defendant.
_____/

## **C O M P L A I N T**

COME NOW CONVATEC, INC., CONVATEC DOMINICAN REPUBLIC INC., CARIBETRANS SAS, and AVIVA INSURANCE LIMITED (collectively the "Plaintiffs"), by and through their undersigned attorneys, and sue the Defendant, ANTILLEAN MARINE SHIPPING CORP., and for its Complaint alleges as follows:

    1.    This is a claim of Admiralty and Maritime Jurisdiction as hereinafter more fully appears, and is an Admiralty and Maritime Claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    2.    CONVATEC, INC. is a Delaware Corporation, with its principal place of business in Bridgewater, New Jersey, and was the insured/purchaser of the cargo hereinbelow described.

    3.    CONVATEC DOMINICAN REPUBLIC INC. is a foreign company, with its principal place of business in San Cristobal, Dominican Republic, and was the local branch of the insured for the cargo hereinbelow described.

4.     CARIBETRANS SAS is a foreign company, with its principal place of business in Santo Domingo, Dominican Republic, and was the consignee of the cargo hereinbelow described.

5.     AVIVA INSURANCE LIMITED is a foreign company, with its principal place of business in Perth, United Kingdom, and was the underwriter for the cargo hereinbelow described.

6.     The Defendant, ANTILLEAN MARINE SHIPPING CORP, (hereinafter "ANTILLEAN") is a Florida corporation, with its principal offices in Miami, Florida doing business as a common carrier of merchandise-by-water-for-hire and at all times material hereto was the carrier of the subject cargo hereinbelow described.

7.     Pursuant to the terms of ANTILLEAN's bills of lading all lawsuits against ANTILLEAN must be filed in the Federal Court for the Southern District of Florida.

8.     On or about September 6, 2019, the Defendant received a shipment of two containers of medical supplies for transportation from East Point, Georgia to Miami, Florida with ongoing ocean transportation aboard the "Habib Express" and ultimate destination to Rio Haina, Dominican Republic.

9.     The Defendant received the subject cargo in good order and sound condition and accordingly issued its Bill of Lading number AMLU 1020205228 without exception.  See Exhibit "A" attached hereto.

10.    On September 12, 2019, during ocean transportation of the subject cargo from Miami, Florida to Rio Haina, Dominican Republic, the vessel "Habib Express" ran aground on Isla Alto Velo and salvors were engaged under an LOF agreement dated 29 September 2019 to render salvage services to the vessel and the cargo.

11. The subject cargo was salvaged at a cost to Plaintiffs of $90,481.65.

12. The salvage costs were incurred due to the negligence of the Defendant in running the vessel aground.

13. The Plaintiffs have complied with all conditions precedent to the bringing of this action.

### COUNT I – INDEMNITY

The Plaintiffs reallege and repeat paragraphs 1 through 13 as if set forth herein at length and further allege that:

14. The Defendant, ANTILLEAN, received the shipment in good order and sound condition and as evidence thereof issued its Bill of Lading without exception, a copy of which is attached hereto as Exhibit "A."

15. The Defendant negligently operated the vessel transporting Plaintiffs' cargo such that it ran aground forcing the Plaintiffs to engage professional salvors to retrieve Plaintiffs' cargo.

16. Plaintiffs' loss is a direct result of the vessel "Habib Express" being run aground on Isla Alto Velo and salvage operations being engaged.

17. The subject loss was brought about entirely due to ANTILLEAN's negligence in operating the "Habib Express."

18. Plaintiffs were entirely without fault for the subject damages which resulted from ANTILLEAN's negligent operation of the "Habib Express."

19. By not operating the "Habib Express" in a safe and reasonable manner and running the vessel aground, ANTILLEAN is wholly at fault for the damages Plaintiffs incurred.

20. Therefore, as a direct and proximate result of ANTILLEAN's actions, Plaintiffs have suffered damages in an amount in excess of Ninety-Thousand Four Hundred Eighty-One Dollars and 65/100 dollars ($90,481.65) to salvage the subject cargo.

21. Plaintiffs seek reimbursement/indemnity of the salvage costs from the Defendant as the damages incurred were solely the fault of the Defendant.

**WHEREFORE**, the Plaintiffs, CONVATEC, INC., CONVATEC DOMINICAN REPUBLIC INC., CARIBETRANS SAS, and AVIVA INSURANCE LIMITED, pray that judgment be entered against the Defendant, ANTILLEAN MARINE SHIPPING CORP., in favor of the Plaintiffs for an excess of Ninety-Thousand Four Hundred Eighty-One Dollars and 65/100 dollars ($90,481.65) or as otherwise determined by this Court, together with prejudgment interest, costs and such other relief as this Court may deem just and proper.

Miami, Florida
September 11, 2020

**MICHAEL C. BLACK, P.A.**
*Attorneys for Plaintiffs*
Dadeland Square at the Greenery Mall
7700 North Kendall Drive, Suite 305
Miami, Florida 33156
Telephone:   (305) 271-8301
Facsimile:    (305) 271-8302

By: *S/Michael C. Black*
_____
**Michael C. Black, Esquire**
Florida Bar No. 0056162
mblack@marlaw.com
**Michael M. Ricobaldi, Esquire**
Florida Bar No. 1018134
mricobaldi@marlaw.com